FOLEY
v.
KNIGHT.
Saturday,
December 2.

Tuesday,
December 5.

FOLEY and Another *v.* KNIGHT.

4b(b)420
o155 586

On a trial of the right of property taken in execution, the debtor's possession of the goods after his executing an absolute bill of sale of them to the claimant, may be shown, by parol evidence, not to be fraudulent.

Tuesday,
December 5.

ERROR to the *Henry* Circuit Court. The judgment of the Circuit Court was for *Knight,* the claimant.

DEWEY, J.—This was a trial of the right of property seized by execution. The claimant gave in evidence an absolute bill

of sale from the defendant in execution, by which it appeared <span>Nov. Term, 1837.</span> that the latter had bargained, sold, and delivered to him the property in question. He was then suffered to prove by parol <span>ELLIOTT v. ARMSTRONG.</span> what was the consideration of the sale, and to explain the subsequent possession of the property by the vendor, with a view to rebut the presumption of fraud arising from that circumstance.

The admission of the parol testimony was objected to; and it is now contended that the Circuit Court erred in admitting it, on the ground that it contradicted the bill of sale. Had it really done so, the testimony would certainly have been illegal; but we do not perceive that it had that effect. If parol testimony had been introduced to prove that the understanding or agreement of the parties, as a part of the contract of sale, was, that the vendor should retain possession of the property, it would have been inadmissible. Such, however, does not appear to have been its design or effect: its tendency was merely to show that the subsequent possession of the seller was not fraudulent; and, in this point of view, it comes directly within the decisions of this Court in the cases of *Hankins et al.* v. *Ingols*, and *Watson et al.* v. *Williams et al.*, decided at the *May* term, 1835. In those cases such testimony was held to be legal.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiffs.
*C. B. Smith* and *D. Macy*, for the defendant.